UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ANTHONY TARONE HUBBARD
and ALLEN D. DANIEL,

        Plaintiff,        Case No. 2:13-cv-95

v.        Honorable R. Allan Edgar

ANNE M. MORIN, et al.,

        Defendants.
_____/

**OPINION REGARDING**
**_IN FORMA PAUPERIS_ STATUS**

        Plaintiffs Anthony Tarone Hubbard and Allen D. Daniel, prisoners incarcerated at the Baraga Maximum Correctional Facility (AMF), filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiffs seek leave to proceed _in forma pauperis_. The filing fee for a civil rights action at the time that this complaint was filed was $350.00.

        Because Plaintiff Daniel has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding _in forma pauperis_ under 28 U.S.C. § 1915(g). The Court will order Plaintiff Daniel to pay one-half of the $350.00 civil action filing fee ($175.00) within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff Daniel fails to do so, the Court will order that his claims be dismissed without prejudice. Even if his claims are dismissed, Plaintiff Daniel will be responsible for payment of one-half of the $350.00 filing fee in accordance with _In re Alea_, 286 F.3d 378, 380-81 (6th Cir. 2002).

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of

serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

At least five of Plaintiff Daniel's lawsuits have been dismissed as frivolous or for failure to state a claim. *See Daniel v. Paionte et al.*, 2:08-cv-13999 (E.D. Mich. Oct. 7, 2008); *Daniel v. Hofbauer et al.*, 2:08-cv-118 (W.D. Mich. Sept. 26, 2008); *Daniel v. Hackel et al.*, 2:08-cv-14000 (E.D. Mich. Sept. 25, 2008); *Daniel v. Granholm*, No. 2:08-cv-10999 (E.D. Mich. Apr. 11, 2008); *Daniel v. Caruso et al.*, 2:08-cv-11000 (E.D. Mich. Apr. 10, 2008). Moreover, Plaintiff Daniel's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff Daniel from proceeding *in forma pauperis* in this action. Plaintiff Daniel has twenty-eight (28) days from the date of entry of this order to pay his share of the civil action filing fee, which is $175.00. When Plaintiff Daniel pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff Daniel fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of his share of the $350.00 filing fee ($175.00).

With regard to Plaintiff Anthony Tarone Hubbard, the court notes that he has applied to proceed *in forma pauperis*. The Court grants his motion. The Court must nevertheless require payment of his share of the filing fee in installments, in accordance with 28 U.S.C. § 1915(b)(1). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). Plaintiff Hubbard's share of the civil action filing fee is $175.00. Any subsequent dismissal of Plaintiff Anthony Tarone Hubbard's claims, even if voluntary, does not negate his responsibility to pay the fee. *McGore*, 114 F.3d at 607.

Plaintiff Anthony Tarone Hubbard must pay a portion of his share of the fee as an initial partial filing fee. The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). According to the certified copy of Plaintiff Anthony Tarone Hubbard's prison trust account statement, Plaintiff Anthony Tarone Hubbard had an average monthly deposit of $46.72. In this case, the average monthly deposit is greater than the average monthly balance. Twenty percent of the Plaintiff Anthony Tarone Hubbard's average monthly deposits is $9.34. Plaintiff Anthony Tarone Hubbard shall remit $9.34 within 28 days of the date of this order to the address listed at the end of this order. The check or other form of payment shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.

After Plaintiff Anthony Tarone Hubbard has paid the initial partial filing fee of $9.34, Plaintiff Anthony Tarone Hubbard must also pay the remaining amount of the filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff Anthony Tarone Hubbard's prison trust fund account. 28 U.S.C. § 1915(b)(2). These payments will be

forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in Plaintiff Anthony Tarone Hubbard's trust account exceeds $10.00, until the filing fee of is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. If the amount in Plaintiff Anthony Tarone Hubbard's account is $10.00 or less, no payment is required for that month. *Hampton*, 106 F.3d at 1284-85.

After Plaintiff Anthony Tarone Hubbard has paid the initial partial filing fee, and before the case has been served, the Court shall review the case pursuant to 28 U.S.C. §§ 1915(e), 1915A and/or 42 U.S.C. § 1997e(c)(1), as appropriate. After the Court reviews the case, the Court will determine whether dismissal or service of process is appropriate, and will fashion an order accordingly. Should the case be dismissed, voluntarily by Plaintiff Anthony Tarone Hubbard or by the Court, Plaintiff Anthony Tarone Hubbard shall remain responsible for the filing fee. *McGore*, 114 F.3d at 607. Any pleadings herein served by the United States Marshal shall be at the expense of the United States government. All costs shall be reimbursed to the United States should Plaintiff Anthony Tarone Hubbard prevail.

Once service of process has been ordered, the Plaintiff Anthony Tarone Hubbard shall serve upon defendant, or if an appearance has been entered by an attorney, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff Anthony Tarone Hubbard shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date a true and correct copy of any document was mailed to defendant or the attorney. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Dated:        6/25/2013                     /s/ R. Allan Edgar
                                         R. Allan Edgar
                                         United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**